1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  J & J SPORTS PRODUCTIONS, INC.,          No.  2:16-cv-0851 TLN DB

12              Plaintiff,

13       v.                                  ORDER

14  ANDREW JOHN COLEMAN, et al.,

15              Defendants.

16

17          On January 4, 2017, plaintiff filed a request to file "the Declaration of Affiant" under seal

18  in connection with plaintiff's motion for default judgment.  (ECF No. 15 at 1.)  Local Rule 141(b)

19  requires, in relevant part, that a "'Request to Seal Documents' shall set forth the statutory or other

20  authority for sealing, the requested duration, the identity, by name or category, of persons

21  permitted access to the documents, and all other relevant information."  Here, plaintiff's request

22  to seal fails to address any of these requirements.

23          Moreover, in evaluating requests to seal, the court starts "'with a strong presumption in

24  favor of access to court records.'"  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092,

25  1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th

26  Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although

27  independent – indeed, particularly because they are independent – to have a measure of

28  accountability and for the public to have confidence in the administration of justice.'"  Id.

1

1  (quoting <u>United States v. Amodeo</u>, 71 F.3d 1044, 1048 (2d Cir. 1995)).  A request to seal material

2  must normally meet the high threshold of showing that "compelling reasons" support secrecy.  <u>Id.</u>

3  (citing <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006)).

4  However, where the material is, at most, "tangentially related to the merits of a case," the request

5  to seal may be granted on a showing of "good cause."  <u>Id.</u> at 1097-1101.

6         Here, plaintiff's request does not make a showing of 'good cause,' let alone that

7  'compelling reasons" exist, to file the Declaration of Affiant under seal.  In this regard, plaintiff

8  asserts simply that the document should be filed under seal as it "contains the Auditor's

9  confidential information."  (ECF No. 15 at 1.)  Although it appears that the original document

10  does contain some personal information, plaintiff has already redacted that personal information.[1]

11  "[R]edactions have the virtue of being limited and clear . . . ."  <u>Kamakana</u>, 447 F.3d at 1183.

12         Accordingly, IT IS HEREBY ORDERED that plaintiff's January 4, 2017 request to seal

13  (ECF No. 15) is denied.

14  Dated:  January 10, 2017

15

16

17         DEBORAH BARNES
        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22  DLB:6
   DB\orders\orders.civil\j&jsports0851.req.seal.denc

23

24

25

26  [1] Although the document does reflect the Auditor's address and phone number, it is not clear to
   the undersigned that such information, of a person holding themselves out as an Auditor, is
27  necessarily personal.  Especially when the address provided is for a P.O. Box.  As noted above,
   plaintiff's filing fails to address this issue or why this information could not simply be redacted as
28  opposed to filing the entire document under seal.

2